UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA JEAN JACKSON,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                                      Case No. 1:23-cv-725

MERCY HEALTH/TRINITY HEALTH,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Loretta Jackson filed a complaint against her former employer, Trinity Health-Michigan d/b/a Trinity of Grand Rapids[1] (Trinity), on July 5, 2023, alleging claims of race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* Presently before me is Trinity's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10), on the grounds that Jackson's complaint is untimely, and Jackson failed to exhaust her administrative remedies for her ADEA claim before filing this action. The motion is fully briefed and ready for decision. (ECF Nos. 10 and 12.) Also before me is Jackson's Motion for Summary Judgment (EFC No. 11), to which Trinity did not respond.

---

[1] Trinity states that Jackson incorrectly named it as Mercy Health/Trinity Health in the caption. (ECF No. 10 at PageID.74.) Jackson does not dispute this point in her response. (ECF No. 12.) Accordingly, I will direct the Clerk to correct the caption to identify Trinity as the appropriate Defendant.

For the reasons that follow, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** Trinity's motion to dismiss, **DENY** Jackson's motion for summary judgment, and dismiss the complaint with prejudice.

## I.     Background

Jackson was employed by Trinity as a Surgical Support Technician from March 17, 2020, until November 2021, when she voluntarily resigned due to alleged coworker harassment. On August 5, 2022, Jackson filed a Charge of Discrimination (COD) with the Equal Employment Opportunity Commission (EEOC), through the Michigan Department of Civil Rights. In her COD, Jackson alleged that she was "discriminated against, harassed, and constructive[ly] discharged due to [her] race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF No. 1-1 at PageID.11.) As the basis for her claim, Jackson alleged that she was harassed by white coworkers on several occasions. She claimed that the harassment was so severe that she was forced to resign from her employment. (*Id.*)

Jackson received her Notice of Right to Sue letter on or about March 27, 2023. (*Id.* at PageID.13.) The Notice informed Jackson that if she chose to file a lawsuit against Trinity based on her COD, she must file it within 90 days of receipt of the Notice. (*Id.*) As noted above, Jackson initiated this action on July 5, 2023. She used the form Complaint for Employment Discrimination, indicating that her claims arose under Title VII, the ADEA, and other unspecified federal and state laws. (ECF No. 1 at PageID.3.) Jackson also alleged that she exhausted her administrative remedies with the EEOC by filing her COD on September 19, 2022. She alleged that the EEOC issued her a Notice of Right to Sue letter, but did not specify the date. (*Id.*)

## II.   Discussion

### A.   Trinity's Motion to Dismiss

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the allegations therein in a light most favorable to the plaintiff to determine whether they state a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010). When considering a Rule 12(b)(6) motion, the court must dismiss a claim unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

3

*Id.* at 678–79 (internal citations omitted).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings") (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)). Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### 1.  **Exhaustion**

Trinity asserts that Jackson's ADEA claim is barred because she failed to exhaust her administrative remedies as to this claim. "Both Title VII and the ADEA require a plaintiff alleging employment discrimination on the basis of race and age to file a timely charge of discrimination with the Equal Employment Opportunity Commission . . . before bringing suit in federal court." *Lacroix v. Tennessee Dep't of Transp.*, No. 99-5847, 2000 WL 1140764, at *1 (6th Cir. Aug. 8, 2000) (citing 29 U.S.C. § 626(d) and *McDonnell Douglas Corp. v. Green*, 411 US. 792, 798 (1973); *see also Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992) ("A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted."). To properly exhaust a claim with the EEOC, the claimant must explicitly set forth the claim in the EEOC charge or the claim must "reasonably be expected to grow out of the EEOC charge." *Jones v. Sumser Retirement Vill.*, 209 F.3d 851,

853 (6th Cir.2000) (internal quotation marks omitted); *accord Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 349 (6th Cir.2015). The complainant is not required to use precise legal terms or attach the correct legal conclusion to her allegations, but she must still file a charge on the claim before suing in federal court. *Id.* Thus, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.*; *see also Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (stating that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim"). A court reviewing the scope of an EEOC charge should give the charge a broad reading, even in cases where the claimant had counsel. *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 536 (6th Cir.2001).

Here, reading Jackson's COD broadly, as the Sixth Circuit instructs, Jackson cannot be said to have exhausted her age discrimination claim before filing suit. The COD specifically limits its allegations to harassment and constructive discharge based solely on Jackson's race. Nothing at all is said about her age. Moreover, there is no indication in her COD indicating that the EEOC would also investigate an age discrimination claim based on those allegations. In short, the EEOC would not been apprised that Jackson was also claiming age discrimination.

Accordingly, the age discrimination claim must be dismissed for lack of exhaustion.

### 2. Untimeliness

As set forth in the Notice of Right to Sue that the EEOC sent Jackson, she had 90 days within receipt to file an action in federal or state court. See 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . . ."); *Minor v. Northville Pub. Sch.*, 605 F.

Supp. 1185, 1189 (E.D. Mich. 1985). The 90-day filing deadline acts as a statute of limitations. *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) ("Once the administrative agency notifies the plaintiff of the dismissal of the charge by issuing a right to sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, No. 12-15654, 2013 WL 1282020, at *3 (E.D. Mich. Mar. 27, 2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred."). "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The Sixth Circuit has held that there is a rebuttable presumption of receipt of a Notice of Right to Sue five days after mailing. *Graham-Humphreys*, 209 F.3d at 557. As that panel explained:

> The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Id.* (italics in original) (footnote omitted).

Here, the Notice was issued March 27, 2003. (ECF. No. 1-1 at PageID.13.) Applying the five-day presumption, Jackson was required to file her complaint on or before June 30, 2023.[2] Because she did not file her complaint until July 5, 2023, the action is untimely by five days. Although "[t]he 90-day filing requirement is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling[,]" it is strictly applied, and a Court must dismiss a suit "[e]ven where a plaintiff misses the filing deadline by only one day . . . ." *McKibben v. Hamilton Cnty.*, No. 99–3360, 2000 WL 761879, at *3 (6th Cir. May 30, 2000) (citing *Truitt v. Cnty. of Wayne*,

---

[2] Trinity argues that there is no need to apply the five-day presumption because the EEOC now delivers the notice electronically. (ECF No. 10 at PageID.80.) Out of an abundance of caution, however, I find it appropriate to give Jackson the benefit of the presumption.

148 F.3d 644, 646 (6th Cir. 1998); *Goodman v. City Prods. Corp., Ben Franklin Div.*, 425 F.2d 702, 703-04 (6th Cir. 1970)).

In her response, Jackson does not deny that she filed her complaint beyond the 90-day period. She argues, however, that the Court should still find her complaint timely due to excusable neglect, as set forth in Federal Rule of Civil Procedure 6(b). As one district court has observed, however, "a plaintiff cannot use Rule 6(b) to extend this statutory deadline absent waiver, estoppel, or equitable tolling." *Peete-Jeffries v. Shelby Cnty. Bd. of Educ.*, No. 2:22-cv-2003, 2022 WL 17620287, at *4 (W.D. Tenn. Dec. 13, 2022) (citing *Peete v. Am. Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989)).

The issue, then, is whether Jackson has cited circumstances that satisfy the requirements of equitable tolling. Requests for equitable tolling are granted "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984). The Supreme Court has indicated that equitable tolling will be applied "in situations where the claimant has actively pursued h[er] judicial remedies by filing a defective pleading during the statutory period or where the claimant has been induced or tricked by h[er] adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Tolling also might be proper where the EEOC's notice did not adequately inform the plaintiff of the 90-day time limit, where a motion for appointment of counsel is pending, or where the court has led the plaintiff to believe that she has satisfied the statutory prerequisite to sue. *Brown*, 466 U.S. at 151. However, the Court has made clear that "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96.

The Sixth Circuit has identified five factors that may be pertinent to the equitable tolling analysis: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." *Martin v. Ford Motor Co.*, No. 21-6-89, 2022 WL 17076782, at *1 (6th Cir. Aug. 23, 2022) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (citing *Truitt*, 148 F.3d at 648)). "Not all factors may be relevant, however, and a litigant's failure to meet a legally-mandated deadline due to unavoidab[le] . . . circumstances beyond that litigant's control is often the most significant consideration in courts' analyses." *Id.* (internal quotation marks omitted) (quoting *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017)). A lack of prejudice "alone is not a sufficient basis for allowing equitable tolling relief to the plaintiff." *Amini*, 259 F.3d at 501 (citing *Brown*, 466 U.S. at 152).

Jackson fails to identify circumstances in her case similar to those set forth above that could warrant equitable tolling, although she makes two arguments why her complaint should be deemed timely, which I will construe as arguments for equitable tolling. First, she contends that "the delay in processing was due to the intentional delays of the [EEOC] and not providing information on a timely basis." (ECF No. 12 at PageID.97.) But a delay in processing Jackson's COD would not impact her ability to file a timely complaint *after* she had received the Notice of Right to Sue from the EEOC, which advised her that the EEOC's investigation was complete and that she had 90 days to file a complaint. Jackson also suggests that her complaint is untimely because attorneys whom she had retained, or who were reviewing her case to decide whether to take it, lost her file in the course of moving to a new office and then informed her that her case was not a firm priority, prompting her to dismiss them and file the case herself. (*Id.*) It is not clear whether Jackson actually

8

retained the attorneys or whether they were simply reviewing her case, but the point is immaterial because under either scenario, she had notice of the filing requirement and failed to act diligently to assert her rights. If Jackson had not yet retained the attorneys, she had notice of the filing requirement herself through the Notice of Right to Sue, and, if she had retained them, she is bound by their failure to timely file her complaint:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). In light of Jackson's lack of diligence in pursuing her rights, I recommend that the Court conclude that equitable tolling is not warranted in this case.

Finally, although Jackson checked boxes on the form complaint indicating that her claims are also based on other federal and state laws, she fails to identify such laws in her complaint. Indeed, she did not respond to Trinity's argument on this point by identifying any additional federal or state law she asserts Trinity violated. Accordingly, I recommend that the complaint be dismissed with prejudice.

### B.    Jackson's Motion for Summary Judgment

Jackson has filed a motion for summary judgment. The motion is not a proper Rule 56 motion because it neither offers supporting affidavits or other evidentiary materials nor cites any such material in the existing record. Instead, the motion asserts that the Court should reject Trinity's motion because its attorneys failed to properly notify the Court that Trinity had engaged

them for representation in this action and because I directed Trinity to respond to Jackson's motion for summary judgment by September 27, 2023. (ECF No. 11 at PageID.96.)

Neither argument has merit. Counsel properly appeared on behalf of Trinity on September 19, 2023, by filing appearances. In addition, Trinity was not directed to respond to Jackson's summary judgment motion by September 27, 2023, but instead to answer or otherwise defend, which it did by filing its motion to dismiss on September 26, 2023. (ECF No. 10.) Accordingly, I recommend that the Court deny Jackson's motion for summary judgment.

### III.  Conclusion

For the foregoing reasons, I recommend that the Court **grant** Trinity's motion to dismiss, **deny** Jackson's motion for summary judgment, and dismiss this case with prejudice.

Dated: November 6, 2023                                  /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).