UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LORETTA JEAN JACKSON, )<br>　　　　　　　Plaintiff, )<br> )<br>-v- )<br> )<br>MERCY HEALTH/TRINITY HEALTH, )<br>　　　　　　　Defendant. )<br> ) | No. 1:23-cv-725<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Loretta Jackson, proceeding without counsel, sued her former employer Defendant Mercy Health / Trinity Health. The Court approved Plaintiff's application to proceed without paying the filing fee. Defendant filed a motion to dismiss (ECF No. 10) and Plaintiff filed a motion for summary judgment (ECF No. 11). The Magistrate Judge issued a report recommending the Court grant Defendant's motion and deny Plaintiff's motion (ECF No. 15). Plaintiff filed objections. The Court will adopt the report and recommendation.

Plaintiff alleges employment discrimination, violations of Title VII (race discrimination) and the ADEA (age discrimination). In its motion, Defendant argues that Plaintiff did not timely file her complaint after receiving her right to sue letter. Defendant also argues that Plaintiff did not exhaust her ADEA claim. The Magistrate Judge outlined the relevant facts and the law and ultimately agreed with Defendant. The Magistrate Judge found that Plaintiff had not established a sufficient basis for equitable tolling for her Title VII claim.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    1. Statute of Limitation and Equitable Tolling. Plaintiff contends that the time to file the complaint should be equitably tolled. Plaintiff summarizes her attempts to obtain legal representation. The Court overrules this objection. Plaintiff presented this information in her response to Defendant's motion. The Magistrate Judge explained why the facts do not provide a basis for equitable tolling. Plaintiff does not address the factual and legal reasoning in the R&R and merely repeats the information she included in her response to the motion.

    2. Exhaustion of Age Discrimination Claim. Plaintiff insists that she exhausted her age discrimination claim. She mentions age discrimination in the affidavits she submitted to the EEOC. The Court overrules the objection. The affidavits to which Plaintiff refers do state that Plaintiff told Ms. Talle about each incident of harassment, including "harassment due to age." Plaintiff and one younger co-worker apparently did not work well together and Plaintiff describes an incident where the co-worker intentionally "rammed her shoulder" into Plaintiff as the two passed in the hallway. Plaintiff does not, however, suggest that the incident and any harassment was because of Plaintiff's age.

3. Other objections. Plaintiff raises several other objections, none of which address the reasons identified by the Magistrate Judge for granting Defendant's motion. Plaintiff has not provided a sufficient evidentiary basis for equitable tolling and, therefore, the Court must conclude that she did not timely file her complaint. And, even if the complaint were timely filed, Plaintiff did not exhaust her administrative remedies for her age discrimination claim. Accordingly, the Court does not need to determine if disputes of fact about the harassment and discrimination exist or whether she suffered retaliation.

Finally, Plaintiff argues that her pro se status should be considered by the Court. Plaintiff's status does not excuse her failure to timely file the complaint. The United States Supreme Court has cautioned that the leniency afforded pro se parties does not relieve them of the obligation to follow a court's procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.

1994) ("[P]ro se parties are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

The Court **ADOPTS** the Report and Recommendation (ECF No. 15). The Court **GRANTS** Defendant's motion to dismiss for the failure to exhaust administrative remedies (ECF No. 10). The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 11).

The Court has reviewed the record for the purpose of deciding whether any appeal would be taken in good faith. The Court makes no determination about the veracity of the conduct alleged in the complaint. The Court concludes only that any appeal of the equitable tolling issue and the exhaustion issue would be frivolous and would not be taken in good faith. **IT IS SO ORDERED.**

Date:   November 21, 2023                                              /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                            United States District Judge